**ESEROMA AMISONE, Individually and as Administrator
for the Estate of FILIPO AMISONE, Deceased,
and FETAOMI AMISONE, Plaintiffs**

**v.**

**KERISIANO TALAEAI, HERBERT BOAT,
INSURANCE COMPANY OF THE PACIFIC, and DOES I-X,
Defendants**

High Court of American Samoa
Trial Division

CA No. 84-91

August 26, 1992

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate
Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiffs, John L. Ward II

Amended Order Denying Motion for Summary Judgment:

 Plaintiffs brought this action in tort for the death of Filipo
Amisone, the son of plaintiffs Eseroma and Fetaomi Amisone, as a
passenger in a one-vehicle accident against the driver, owner and insurer
of the vehicle, respectively defendants Kerisiano Talaeai, Herbert Boat
and Insurance Company of the Pacific. The action has been settled with
defendants Boat and Insurance Company of the Pacific. Defendant
Talaeai, who has been convicted of the crime of homicide by vehicle in
violation of A.S.C.A. § 22.0706 in connection with the accident, has not
filed an answer in this action. Plaintiffs have moved for a partial
summary judgment on the issue of defendant Talaeai's liability and have
requested a hearing to establish the award of damages. The motion was
heard on July 10, 1992.

On July 21, 1992, plaintiffs filed a motion for reconsideration, new trial or hearing, and/or amended judgment. The hearing on that motion on August 10, 1992, prompts the issuance of this amended order to correct a typographical error in citing a nonexistent subsection (b)(1) of T.C.R.C.P. 55 and an inaccurate statement in the discussion on the procedural requirements of that rule. Defendant Talaeai first appeared, by attorney Gata E. Gurr, at the hearing of this motion, the substantive disposition of which will be addressed in a separate order.

Since the motion for partial summary judgment has been made under default circumstances, the Court first considers whether or not such a motion under T.C.R.C.P. 56, instead of a motion for default judgment under T.C.R.C.P. 55, is appropriate.

We look to the Federal Rules of Civil Procedure for guidance. A.S.C.A. § 43.0201(a). T.C.R.C.P. 56 and F.R.C.P. 56, which are identically worded, do not expressly prohibit a motion for summary judgment against a party in default. However, before amendment in 1948, F.R.C.P. 56 did prevent a motion for summary judgment until the defendant's answer was served. This change was not intended to broaden the scope of circumstances under which a motion for summary judgment is appropriately made, but to curtail dilatory defense tactics by delaying service of the answer. C. Wright, A. Miller, and M. Kane, 10 *Federal Practice and Procedure* § 2711 (1983).

It would also be inconsistent to permit a motion for summary judgment in a default situation when both sets of civil procedure rules expressly provide for a motion for default judgment. *See* F.R.C.P. 55; T.C.R.C.P. 55. Again, the general, historical use of F.R.C.P. 56 in practice has been when all parties affected by the proposed summary judgment have at least appeared in some manner in the action. *See* the discussion in C. Wright, A. Miller, and M. Kane, 10 *Federal Practice and Procedure* §§ 2712, 2716, 2717 (1983).

Lastly, from the perspective of the territorial civil-procedure rules, extension of a motion for summary judgment to default situations would tend to reduce, if only by inertia, the use of discretionary evidentiary hearings, which are expressly authorized and customarily held under T.C.R.C.P. 55(b), in addition to the unique requirement of serving the defaulting party with notice of the motion for default judgment, which is not required with respect to non-appearing parties under F.R.C.P. 55(b)(1). While service of a notice of a motion for summary judgment

is required, evidentiary hearings are not mentioned in and are rarely held under T.C.R.C.P. 56.

Proceedings to expeditiously conclude litigation, when appropriate, are useful, and both summary judgment and default judgment proceedings serve that worthy objective well. If summary judgment proceedings are restricted to actions in which the parties to the motion have appeared, those parties' interests are inherently protected. The importance of using default judgment proceedings in default situations is to regularize judicial scrutiny in such cases to minimize, if not entirely avoid, injustices to non-appearing parties that may otherwise occasionally happen. It is better practice in this jurisdiction to maintain this clear dichotomy between summary-judgment and default-judgment proceedings.

For these reasons, we deny plaintiffs' motion for partial summary judgment. Plaintiffs can, of course, proceed by way of a motion for default judgment.

It is so ordered.

(Dated as of July 15, 1992.)